# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**C.D.W. SERVICES, LLC**                        **CIVIL ACTION**

**VERSUS**

                                                **NO. 23-332-SDD-SDJ**

**THE UPPER ROOM BIBLE
CHURCH, INC., et al.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations **within 14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 24, 2024.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **C.D.W. SERVICES, LLC** | **CIVIL ACTION** |
| **VERSUS** | |
| **THE UPPER ROOM BIBLE CHURCH, INC., et al.** | **NO. 23-332-SDD-SDJ** |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (R. Doc. 12), filed by Plaintiff C.D.W. Services, LLC. Defendant the Upper Room Bible Church, Inc., filed an Opposition thereto (R. Doc. 15).[1] With leave of Court, Plaintiff filed a Reply to UBC's Opposition (R. Doc. 19). Because this Court does not have jurisdiction over this matter, it is recommended[2] that this matter be remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for all further proceedings.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On October 27, 2016, CDW and Defendant UBC entered into a construction contract for certain "Renovations to Temporary Facility located at 5134 Paris Avenue, New Orleans, LA."[3] Per UBC, it was given disaster grant funds by the Federal Emergency Management Agency, which it intended to use to fund the renovations.[4] However, as renovations progressed, UBC failed to

---

[1] The Court notes that it is unclear from the Opposition whether it was filed on behalf of Defendant UBC only, or whether it was filed on behalf of all Defendants, as that is nowhere specified in the document, though the document is entitled "Defendant, Upperroom Bible Church, Inc, etal [sic] Opposition to State of Louisiana and CDW Services' Motions for Remand and Motions for Dismissal." *See* R. Doc. 15. This determination, however, does not affect this ruling by the Court.
[2] *See, e.g.*, *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.").
[3] R. Doc. 19-2.
[4] R. Doc. 15 at 1-2.

pay CDW. In 2017, UBC filed for bankruptcy.[5] Shortly thereafter, in September 2019, a writ of seizure for the property in question was issued to the Orleans Parish Sheriff.[6]

CBW eventually instituted arbitration proceedings against UBC to recover the unpaid amounts.[7] Following a series of hearings in 2021 and 2022, the arbitrator issued an award in favor of CDW in the amount of $699,664.93, with additional fees and expenses also awarded, on May 4, 2022.[8] On August 29, 2022, the Civil District Court of the Parish of Orleans issued a judgment confirming the May 4, 2022 arbitration award and awarding CDW a total of $711,922.05.[9]

With UBC still having failed to pay, on or about April 11, 2023, CDW filed a Petition to Make Judgment Executory and for Garnishment in the 19th JDC, seeking to have the August 29, 2022 judgment of the Orleans Parish Court made executory and to have the Governor's Office of Homeland Security and Emergency Preparedness be cited as a garnishee for the purposes of answering certain interrogatories.[10] UBC then removed this garnishment proceeding to this Court, filing a Notice of Removal with this Court on May 1, 2023. The instant Motion to Remand followed.

## II. LAW AND ANALYSIS

### A. Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A district court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Subject matter jurisdiction must exist at the time of removal

---

[5] R. Docs. 12-3, 12-5.
[6] R. Doc. 12-7.
[7] R. Doc. 12-1 at 2-3.
[8] R. Doc. 12-2.
[9] R. Doc. 12-8.
[10] R. Doc. 1-5.

2

to federal court, based on the facts and allegations contained in the complaint. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). "The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal jurisdiction. *Crane v. Margo & Jones, Inc.*, No. 21-490, 2022 WL 17730575, at *2 (S.D. Tex. May 2, 2022) ("The parties invoking this Court's jurisdiction bear the burden to prove that a federal question exists."). Remand is proper if, at any time, the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

B.    **Whether this Court Has Subject Matter Jurisdiction**

In its Notice of Removal, UBC asserts that "Federal Questions exists [sic] in this action pursuant to 28 U.S.C., Section 1331 as a garnishment has been filed by the Plaintiff to the Louisiana Governors Office of Homeland Security and Emergency Preparedness … relative to disbursement of funds provided by the Federal Emergency Management Agency … , under the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. 5174 …"[11] UBC later more succinctly states that "[r]emoval jurisdiction exist [sic] in this case because this matter involves a FEMA grant, under 28 U.S.C. Section 1442."[12]

"Courts determine subject matter jurisdiction by looking to the 'well-pleaded complaint' rule, which confers federal jurisdiction only when a federal question appears on the face of the

---

[11] R. Doc. 1 at 1. The Court notes, and CDW addresses in its Opposition, that in its Notice of Removal, under the section titled "Grounds for Removal," UBC states that "this Court has jurisdiction under 28 U.S.C., Section 1332(c) in that this 'civil action includes – (a) a claim arising under the Constitution, laws, or treaties of the United States." R. Doc. 1 at 3. As nowhere else does UBC argue that this Court has diversity jurisdiction, which is governed by Section 1332, this Court interprets this statement as a typographical error on the part of UBC and analyzes only federal question jurisdiction here. However, the Court also notes that, in the case it was not a typographical error, this Court does not have diversity jurisdiction over this matter, as there is not complete diversity among the Parties because both CDW and UBC are Louisiana citizens. *See* R. Doc. 12-1 at 9.
[12] R. Doc. 1 at 3.

3

plaintiff's complaint." *Bank of New York Mellon v. Laugand*, No. 17-67, 2017 WL 9485533, at *3 (M.D. La. Sep. 21, 2017), citing *Caterpillar Inc v. Williams*, 482 U.S. 386, 392 (1987). Per the Fifth Circuit, "[w]hen an action is brought to federal court through the § 1441 mechanism, 'for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim.'" *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998), quoting 14A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3722, at 255–60; *see also Yan v. US Aviation Group, LLC*, 509 F.Supp.3d 642, 648 (E.D. Tex. 2020) ("A defense that raises a federal question is inadequate to confer federal jurisdiction."). "In other words, the complaint itself must 'raise issues of federal law sufficient to support federal question jurisdiction.'" *Yan*, 509 F.Supp.3d at 648, quoting *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993). "Federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008), quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005) (modification omitted).

     Here, there is no federal question raised in CDW's state court Petition. The Petition simply cites the judgment obtained by the Orleans Parish Court and requests to have it made executory by the 19th JDC.[13] It also asks that GOHSEP, who it argues it indebted to UBC, be cited as a garnishee in order to answer certain attached interrogatories pursuant to the Louisiana Code of Civil Procedure art. 2412.[14] Finally, it seeks the issuance of a writ of fieri facias commanding the East

---

[13] R. Doc. 1-5 at 1.
[14] *Id.* at 1-2.

4

Baton Rouge Parish Sheriff to seize the property of UBC to satisfy the judgment.[15] That is all. None of CDW's allegations or prayers for relief implicate a federal question or otherwise trigger federal jurisdiction.

In its Notice of Removal, UBC cites to 44 CFR § 206.110(g), which states, in part, that "[a]ll assistance provided under this subpart is exempt from garnishment, seizure, encumbrance, levy, execution, pledge, attachment, release or waiver."[16] UBC does not further expound on the application of this statute to this case. Regardless of whether this statute is applicable in this matter, this a defense to CDW's efforts to garnish funds from GOHSEP, not an issue raised in CDW's Petition. "An assertion of a federal defense, even when anticipated in light of plaintiff's complaint, will not create jurisdiction under federal law." *Franyutti v. Hidden Valley Moving & Storage, Inc.*, 325 F.Supp.2d 775, 777 (W.D. Tex. 2004); *see also Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008) ("Even an inevitable federal defense does not provide a basis for removal jurisdiction."). Similarly, simply because "this matter involves a FEMA grant," as alleged by UBC, does not in and of itself raise a federal question. *See Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1178 (5th Cir. 1984) (finding that the "mere presence of a federal issue, specifically the anticipation of a federal defense, would not permit invocation of federal-question jurisdiction"). Finally, UBC has neither argued nor cited any cases in support of an argument that CDW's claims are completely preempted by federal law. *See Yan*, 509 F.Supp.3d at 649 (recognizing federal question jurisdiction exists only if federal law *completely* preempts the plaintiff's state law claims).

As the removing party, UBC bears the burden of showing removal was proper. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("The removing

---

[15] *Id.* at 2.
[16] R. Doc. 1 at 1-2.

5

party bears the burden of showing that federal jurisdiction exists and that removal was proper."). The Court finds UBC has failed to carry its burden. In addition, the Court remains mindful of the admonition that the removal statute is to be strictly construed, and that any doubt about the propriety of removal must be resolved in favor of remand. *Gasch*, 491 F.3d at 281-82. As such, the Court finds that this matter was improvidently removed to this Court.

### C.     Plaintiff's Request for Attorney's Fees

In its Motion to Remand, CDW also seeks an award of costs and attorney's fees pursuant to 28 U.S.C. § 1447.[17] According to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Thus, the award of costs and fees lies within the discretion of the Court. *Weiser v. Shaw Group Envtl. & Infrastructure, Inc.*, No. 11-558, 2011 WL 5180854, at *1 n.1 (M.D. La. Oct. 31, 2011). There is no automatic entitlement to an award of attorney's fees if a case is remanded. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, while the Court finds that removal of this case was improper, the Court does not conclude that removal was so objectively unreasonable so as to merit sanction pursuant to 28 U.S.C. § 1447(c), as this matter may implicate a federal regulation, as argued by UBC.[18] The Court therefore recommends that Defendants' request for attorney's fees and costs be denied.

---

[17] R. Doc. 12 at 1.
[18] The Court makes clear, though, that it is not making a determination of any kind as to the applicability of any federal law or regulation in this matter.

6

### III.    CONCLUSION AND RECOMMENDATION

Based on the foregoing,

**IT IS RECOMMENDED** that the Motion to Remand (R. Doc. 12) filed by Plaintiff C.D.W. Services, LLC, be **GRANTED** and this matter be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction. **IT IS FURTHER RECOMMENDED** that Defendants' request for attorney's fees be **DENIED**.

Signed in Baton Rouge, Louisiana, on January 24, 2024.

*[signature: Scott D. Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**